# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# SHERMAN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | CASE NO. 4:12CR61(1) |
| | § | |
| QUINCY R. GILSTRAP | § | |

## REPORT AND RECOMMENDATIONS
## OF UNITED STATES MAGISTRATE JUDGE

On April 11, 2013, the Court held a hearing on Defendant's Motion to Withdraw Plea (Dkt. 48), the matter having been referred to the undersigned by the Honorable Richard A. Schell (*see* Dkt. 51).

To determine whether a defendant may withdraw a plea of guilty prior to sentencing, this Court must look at the following factors: (1) whether the defendant has asserted his innocence; (2) whether the government would suffer prejudice if the withdrawal motion were granted; (3) whether the defendant has delayed in filing his withdrawal motion; (4) whether the withdrawal would substantially inconvenience the court; (5) whether close assistance of counsel was available; (6) whether the original plea was knowing and voluntary; and (7) whether the withdrawal would waste judicial resources. *U.S. v. Carr*, 740 F.2d 339, 343-44 (5th Cir. 1984). After hearing the evidence presented and the arguments of counsel and Defendant and reviewing the record before it, the Court finds that the *Carr* factors do not weigh in Defendant's favor.

At the hearing, Defendant asserted his innocence. Defendant claimed that he did not attend the final pretrial conference before the District Judge in August 2012, and, at the time he was removed from the pretrial docket, he was still asserting his innocence to his counsel. Defendant also stated that he was not aware that he was even coming to court on the date his plea was given. Defendant claims that he gave his plea because his attorney told him that, if he did not, he faced receiving a life sentence. Defendant also claims that he was told that he would not have to worry about serving any more than 60 months. Defendant's pre-sentence report apparently recommends a 15-year sentence. Defendant claimed that his attorney never took the time to explain the charges against him and that his counsel declined to take certain actions on his behalf.

The Government responded that it would be prejudiced as it has proceeding with prosecuting other matters and re-opening this matter would be a waste of its resources.[1]

Having considered the record before it, the Court finds that Defendant's motion to withdraw his plea should be denied. Other than his recent claim of innocence (which the Court notes is nothing than a general assertion of innocence), none of the other *Carr* factors weighed in Defendant's favor.

---

[1] Defendant requested that the Court not consider the Government's written response. Although Defendant is correct that the response was not filed in accordance with the local rules, it was filed prior to the referral of this motion to the undersigned and prior to the hearing. Because the Government also provided its arguments in response to the motion at the hearing, the Court will consider all arguments before it, including any oral or written response by the Government, in determining whether the *Carr* factors have been satisfied.

Defendant's plea was taken in August 2012, and Defendant requested withdrawal of his plea after the publication of the pre-sentence report sometime in December 2012. Defendant's motion was filed in January 2013.

According to counsel, Defendant originally signed plea paperwork in June 2012, but at the initial plea hearing chose not to go forward with a plea of guilty and was subsequently reset on the District Judge's pretrial docket. At the pretrial conference, Defendant apparently indicated that he wished to change his plea and this Court held a plea hearing later that month. There is nothing in the Court's record to substantiate Defendant's claim that he was not present at the August 6, 2013 pretrial conference where, and the minutes from that hearing note the setting of Defendant's change of plea hearing during the pretrial conference. *See* Dkt. 30.

This Court warned Defendant of the consequences of pleading guilty at his plea hearing. Indeed, Defendant stated at the hearing that he read and understood the plea agreement and was voluntarily entering into it. When asked at the plea hearing whether he fully understood the factual basis of his plea, Defendant stated that he did and signed a form to that effect. *See* Dkts. 31 & 32. "Reviewing courts give great weight to the defendant's statements at the plea colloquy." *United States v. Cothran*, 302 F.3d 279, 283-84 (5th Cir. 2002). Defendant simply has not shown that the original plea was not knowingly and voluntarily entered into, as required by *Carr*.

The Court notes that in taking Defendant's plea, the Court required Defendant to sign a "Consent to Administration of Guilty Plea and Fed. R. Crim. P. 11 Allocution by United States

3

Magistrate Judge," Docket Entry 32 on the record herein, which incorporates Rule 11's requirements for plea proceedings. The consent, signed by Defendant, specifically states that he understands his rights and that his sentence may be greater or lesser than the recommended guideline range and that any estimate as to his possible range of punishment was only an estimate and may be subject to other factors. *See* Dkt. 32. The Court further addressed orally with Defendant during the plea hearing his right to maintain a plea of not guilty, to present evidence and to proceed with a trial. Defendant's counsel stated that he believes the plea was knowingly and voluntarily made, and the Court agrees.

The Court finds that, by waiting almost five months, Defendant delayed in seeking to withdraw his plea. It appears to the Court that Defendant only seeks to withdraw his plea because of the recommendation in the pre-sentence report. Withdrawal at this juncture would be a waste of judicial and government resources, and Defendant has had close assistance of counsel available to him since his initial appearance and arraignment before the Court. Because the plea cannot be withdrawn based on the *Carr* factors, Defendant should not be permitted to withdraw his plea of guilty in this case.

## RECOMMENDATION

The Court recommends that the District Court DENY Defendant's Motion to Withdraw Plea (Dkt. 48). Within fourteen (14) days after service of the magistrate judge's report, any party may serve and file written objections to the findings and recommendations of the magistrate judge. 28 U.S.C.A. § 636(b)(1)(c).

Failure to file written objections to the proposed findings and recommendations contained in this report within the time period set forth above shall bar an aggrieved party from *de novo* review by the district court of the proposed findings and recommendations and from appellate review of factual findings accepted or adopted by the district court except on grounds of plain error or manifest injustice. *Thomas v. Arn*, 474 U.S. 140, 148 (1985); *Rodriguez v. Bowen*, 857 F.2d 275, 276-77 (5th Cir. 1988).

**SIGNED this 25th day of April, 2013.**

*/s/ Don D. Bush*
DON D. BUSH
UNITED STATES MAGISTRATE JUDGE